**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEPH GONZALEZ,
Plaintiff-Appellant,

v.                                                                  No. 98-1632

ROYAL INDEMNITY COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-95-512-MU)

Submitted: November 30, 1999

Decided: December 22, 1999

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Keith H. Cole, Jr., DODGE, FAZIO, ANDERSON & JONES, P.C.,
Dallas Texas; Martha J. Efird, Charlotte, North Carolina, for Appel-
lant. John J. Doyle, Jr., Jill S. Stricklin, CONSTANGY, BROOKS &
SMITH, L.L.C., Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Gonzalez appeals the district court's order awarding summary judgment to Royal Indemnity Company ("Royal") on Gonzalez's claim of age based employment discrimination brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634 (West 1999) and the Employment Retirement Income Security Act of 1974. Gonzalez claims that summary judgment was improper because he produced sufficient evidence of discrimination to place a material fact in dispute. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). We agree.

After reviewing the evidence proffered by Gonzalez, we find that he produced sufficiently probative and admissible evidence regarding age-based discrimination to place a question before a jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (stating that credibility determinations and weighing of the evidence are jury functions and not those of a judge).

First, Gonzalez produced internal documents from Royal's Senior Management Group ("SMG") that permit the inference that the company in planning how to implement its Reduction In Force ("RIF"), may have considered eliminating employees on the improper basis of their age. We reject Royal's contention that the documents obtained by Gonzalez from Royal during discovery, are unauthenticated and unidentified. See Celotex v. Catrett, 477 U.S. 317, 324 (1986) (holding that at the summary judgment stage evidence need not be produced in a finalized form that would be admissible at trial). We thus find that when the inferences are drawn in Gonzalez's favor, as they must be on a motion for summary judgment, Gonzalez established a prima facie case of age discrimination. See Herold v. Hajoca Corp., 864 F.2d 317, 319-20 (4th Cir. 1988) (stating standard for age discrimination case during RIF).

Gonzalez also raised a legitimate question as to whether Royal followed its own procedures in eliminating Gonzalez from its workforce. Royal asserted that it followed a policy of not "bumping" employees. Instead, Royal claimed that it pursued a policy of eliminating posi-

tions, not people. Accordingly, it states that when it eliminated Gonzalez's position, it did not consider him for any other positions within his group. However, several documents produced by Royal during the discovery process arguably indicate otherwise. A document produced by Jodie Figge of Royal's human resources department indicated that departments should identify their essential positions and then "identify which employees have the skills needed to perform the remaining tasks." (J.A. at 198). Similarly, Victor Daley of the SMG described the need to determine "which employees should be placed or retained in a given position." (J.A. at 204). Gonzalez argues that if Royal genuinely intended to eliminate positions, there would be no reason to consider placement or retention of employees; those in positions that were not eliminated would be secure in their respective jobs. While we indicate no view on the merits of Gonzalez's argument, we agree that a reasonable fact finder could conclude that Royal's own documentation contradicts its stated workforce reduction criteria. Thus, Gonzalez raised a material question of fact as to whether Royal's reasons for dismissing him were pretexts for age discrimination. Id. at 320.

Royal also claims that when it eliminated two consultant positions from its workers compensation group, one of which was occupied by Gonzalez, there were no remaining positions in which Gonzalez could be placed. However, this situation resulted only because of Royal's decision to promote the other consultant whose position was eliminated, Charles Schuver, an individual Royal had recently demoted, over Gonzalez. While Royal asserts that it did not consider Gonzalez for the position in which it placed Schuver based on Gonzalez's alleged failure to succeed in that position previously, Royal's decision to promote a recently demoted employee over Gonzalez again raises a question of material fact. Accordingly, we hold that summary judgment was premature as the facts construed in the light most favorable to Gonzalez, see Anderson, 477 U.S. at 250, reveal that he made an adequate showing that Royal's reasons for terminating him were pretextual and that he created a genuine issue of material fact as to whether his termination was made because of his age. See Herold, 864 F.2d at 320.

We vacate the district court's grant of summary judgment and remand for further proceedings. We dispense with oral argument

3

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED